UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 23-CR-14-DCR

UNITED STATES OF AMERICA                         PLAINTIFF

V.                **SENTENCING MEMORANDUM
OF THE UNITED STATES**

RYAN STIVERS                               DEFENDANT

\* \* \* \* \*

In advance of sentencing in this matter, the United States sets forth below its position on the appropriate sentence. Balancing the seriousness of the offense and other factors in 18 U.S.C. § 3553(a), the government recommends a sentence of 87 months. This sentence meets the objectives of 18 U.S.C. § 3553(a) in fashioning a sentence that is adequate, but not greater than necessary, as required by law.

**I.     The Applicable Advisory Guidelines Range.**

The advisory Sentencing Guidelines range serves as the "starting point and initial benchmark" for the Court's sentencing analysis. *United States v. Bolds*, 511 F.3d 568, 579-80 (6th Cir. 2007) (citation omitted). Accordingly, the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines Range." *United States v. King*, 553 F. App'x 518, 520 (6th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)).

As to the drug quantity, the Presentence Investigative Report ("PSR") correctly calculates a base offense level of 24, because the offense involves at least 100 kilograms but less than 400 kilograms of marijuana. The PSR also properly increases the offense level by two (2) levels for possession of a firearm, and two (2) levels for maintaining a drug distribution premises.

In addition to the submission the United States made on the unresolved objections to the PSR regarding the premises and dangerous weapons enhancement, the police reports for the December 2017 arrest of J.W. show that the Air BnB was rented by R.B. and being used to distribute marijuana. Exhibits A-C. An individual named I.K., who was one of the individuals that Defendant knew received kilograms of marijuana from J.W., was also arrested coming from the rental property with a pound of marijuana that day. DE 25, p. 2; PSR, p. 18; Exhibits B and C. Defendant also was responsible for R.B. having rented the Chevy Malibu with the Arizona license plates where the $47,680.00 was found. Exhibit D (physical exhibit). The Malibu had been loaded with marijuana and driven to the AirBnB. *Id*. That there would be a firearm associated with the possession of marijuana that was admittedly worth more than $47,000 was foreseeable to Defendant.

Furthermore, Defendant's argument that the residences where marijuana packages were shipped are not eligible for a premises enhancement has been considered and rejected by the Sixth Circuit. In *United States v. Rentas*, 2023 WL 4080101, *5 (6th Cir. June 20, 2023), the argument that an apartment that was used as a "delivery address" for drug shipments could not be afforded a premises enhancement failed. As the Sixth ircuit

found, "the drug smuggling scheme could only work if the shippers had a real, physical destination for the drugs and thus the apartment was integral to the success of the operation."

The PSR also properly increases the offense level by three (3) points for his role as a manager or supervisor of criminal activity that involved 5 or more participants. With a three (3) point reduction for acceptance of responsibility, Defendant's total offense level is 28. Because the Defendant has a criminal history score of two, he is in Criminal History Category II. [*Id.* at 48-50 (Second Addendum).] His resulting advisory Guidelines calculation range is 87-108 months of imprisonment.

## II. A Guideline Sentence is Appropriate Under 18 U.S.C. § 3553(a)

While the advisory Guidelines range serves as the "starting point and initial benchmark" for the Court's sentencing analysis, *Bolds*, 511 F.3d 579-80, the Court must also consider the factors set forth in 18 U.S.C. § 3553(a). These include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, and the need to avoid unwarranted sentencing disparities between similarly situated defendants. *See* 18 U.S.C. § 3553(a)(1)-(3), (6). When fashioning the appropriate sentence, the Court endeavors to find a punishment that is "sufficient, but not greater than necessary" to address these considerations. 18 U.S.C. § 3553(a).

In achieving this task, district courts consider the Sentencing Guidelines *together* with the statutory factors set forth in § 3553(a). *See United States v. Booker*, 543 U.S.

220, 246 (2005). This is because the Guidelines "reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate." *Rita v. United States*, 551 U.S. 338, 349 (2007). The Guidelines therefore "seek to embody the § 3553(a) considerations, both in principal and in practice." *United States v. Haj-Hamed*, 549 F.3d 1020, 1027 (6th Cir. 2008) (*quoting Rita*, 552 U.S. at 350).

Turning first to the nature and circumstances of the offense, the drug trafficking organization in which the Defendant was a manager or supervisor was responsible for distributing hundreds of kilograms of marijuana. It exploited the United States mail to have packages of marijuana sent to multiple residences and employed individuals to drive marijuana across the country. Defendant rented cars for the marijuana to be transported, even purchased a car, and arranged for others to drive the marijuana across the country. This was a serious offense, and the guidelines reflect the seriousness of the offense.

As regards for respect for the law, despite Defendant's partner getting arrested for possessing pounds of marijuana, he persisted in distributing it. As indicated in his Plea Agreement, while J.W. was in jail, Defendant and J.W. discussed that another duo that they knew had been stopped on the highway with pounds of marijuana. DE 25, p. 3. They laughed that the individuals had been trying to do what they did. *Id*. Defendant even participated with J.W. in efforts to get more marijuana while J.W. was out on bond which shows a disrespect for the law. *Id.* at 3-4. And Defendant continued getting and distributing marijuana even after J.W. went to jail. *Id*. A guideline sentence would

promote respect for the law, and provide general deterrence for others to not participate in this type of activity.

General deterrence is especially necessary for marijuana trafficking. Defendant has indicated that marijuana's social acceptance should be considered when fashioning a sentence in this case. DE-29, p. 8. However, the disputes about marijuana's social acceptance and legalization in certain states does not change that it remains a Schedule I controlled substance federally, and that it has serious, negative health effects. Defendant's own submission to this Court indicates that there are serious, negative health effects of marijuana. DE-29, Exhibit B. One of the reasons that he became involved in the conspiracy was his addiction to marijuana. PSR, ¶ 16. Accordingly, it is proper for this Court to take those serious, negative health effects into consideration in fashioning a sentence. *United States v. McMichael*, 525 F. App'x 388, 394 (6th Cir. 2013).

As to the history and characteristics of the Defendant, he had a normal childhood being raised by both parents with his basic needs met. PSR at ¶ 50. He graduated from high school, and according to many of the character letters submitted on his behalf, he was a good student, athlete, and was privileged to get to participate in multiple activities and social events. He went on to college but did not obtain a degree. PSR, at ¶ 75. Since the end of 2018, after his house was searched by law enforcement, he has been gainfully employed. A number of the individuals who knew him before and during his participation in the conspiracy seem to suggest that his conduct was the result of him being with the wrong crowd. DE 29, Exhibit C. However, as Defendant admits, and is

evidenced by his conversations that are part of the record in this case, he was motivated by the money.  PSR, ¶ 16 and DE 28-2.[1]

Finally, as there is not any indication that Defendant does not have means nor that he will not be able to be gainfully employed upon his release, the United States would recommend that this Court impose a fine.

### III.    Conclusion

The offense level is correctly calculated in the PSR, and this Court should sentence Defendant at the low end of the properly adjusted Guidelines range.

                Respectfully submitted,

                CARLTON S. SHIER, IV
                UNITED STATES ATTORNEY

By:   /s/ Emily Greenfield
      Emily Greenfield
      Assistant United States Attorney
      United States Attorney's Office
      Eastern District of Kentucky
      260 W. Vine Street
      Lexington, KY 40507
      (859)685-4811
      Emily.Greenfield@usdoj.gov

---

[1] While most of the individuals who have known him in the last few years since he was first encountered by law enforcement indicate that he is a dedicated family man, one individual submitted a letter for this Court that calls that into question.  See Exhibit E.

## CERTIFICATE OF SERVICE

On November 29, 2023, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

s/Emily K. Greenfield
Assistant United States Attorney
